IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIA W.,[1]

                Plaintiff,

       v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

Case No. 6:24-cv-1266-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Maria W. filed this appeal challenging the Commissioner of Social Security's

("Commissioner") denial of her application for Supplemental Security Income ("SSI") under

Title XVI of the Social Security Act. The Court has jurisdiction over this matter pursuant to 42

U.S.C. § 405, and the parties have consented to the jurisdiction of a magistrate judge pursuant to

28 U.S.C. § 636(c). For the reasons explained below, the Court affirms the Commissioner's

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

decision because it is free from harmful legal error and supported by substantial evidence in the record.

## STANDARD OF REVIEW

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). That is so because "[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded*

*on other grounds by regulation as recognized in Farlow v. Kijakazi, 53 F.4th 485, 487 (9th Cir. 2022)*))).

## BACKGROUND

### I.    PLAINTIFF'S APPLICATION

Plaintiff was born in January 1966 and was fifty-four years old on November 3, 2020, her amended alleged onset date. (Tr. 23, 81.) In her application, Plaintiff alleged disability due to chronic back pain, injured discs in her spine, depression, "bipolar," obesity, severe fatigue, possible borderline personality disorder, some mobility issues, panic attacks, and post-traumatic stress disorder. (*Id.* at 316.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (*Id.* at 112, 120.) Plaintiff and an impartial vocational expert ("VE") appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on October 10, 2023. (*Id.* at 37-80.) On December 8, 2023, the ALJ issued a written decision denying Plaintiff's application. (*Id.* at 18-36.) On May 29, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (*Id.* at 1-6.) Plaintiff now seeks judicial review of that decision.

### II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment; (3) whether the impairment meets or equals a listed

impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the

claimant can perform other work that exists in significant numbers in the national economy. *Id.*

at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v.*

*Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any

of those steps, the claimant is not disabled. *See id*. at 954. The Commissioner bears the burden of

proof at step five, where the Commissioner must show the claimant can perform other work that

exists in significant numbers in the national economy, "taking into consideration the claimant's

residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If

the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d

at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the sequential evaluation process to determine if Plaintiff was disabled.

(Tr. 21-32.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since November 3, 2020, the amended alleged onset date. (*Id.* at 23.) At step two, the

ALJ determined that Plaintiff suffered from the following severe impairments: "chronic

obstructive pulmonary disease (COPD), asthma, and bilateral early cholesteatoma with recurrent

ear infections." (*Id.* at 24.) At step three, the ALJ found Plaintiff's impairments, either singly or

in combination, did not meet or equal the requirements of a listed impairment. (*Id.* at 28.)

The ALJ found that Plaintiff had the residual function capacity ("RFC") to perform a full

range of work at all exertional levels, except that she "is unable to climb ladders/ropes/scaffolds,"

able only "to tolerate occasional exposure to pulmonary irritants, such as fumes, odors, dust, gases, chemicals, and poorly ventilated areas," and "is unable to tolerate exposure to unprotected heights and use of dangerous moving machinery." (*Id.*)

At step four, the ALJ determined that the claimant was capable of performing her past relevant work as a dishwasher as actually and generally performed. (*Id.* at 31.) The ALJ therefore found that Plaintiff was not disabled. (*Id.* at 32.)

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly evaluating the medical opinions of Drs. Raymond Nolan, Thomas Davenport, and Craig Billinghurst. (Pl.'s Opening Br. ("Pl.'s Br.") at 3-7, ECF No. 9.) As explained below, the Court concludes that the Commissioner's decision is free of harmful legal error and supported by substantial evidence, and therefore affirms the Commissioner's decision.

## I.    APPLICABLE LAW

"In January 2017, the Social Security Administration issued revised regulations for evaluating medical opinions relating to claims filed on or after March 27, 2017." *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (citation omitted). The revised "regulations provide that ALJs will no longer 'defer or give any specific evidentiary weight' to any medical opinion."[2] *Id.* (quoting 20 C.F.R. § 416.920c(a)). Instead, "ALJ[s] must assess the

---

[2] In *Cross*, the Ninth Circuit held that the revised regulations are valid under both the Social Security Act and Administrative Procedures Act. 89 F.4th at 1216-17. Recently, "[t]he Supreme Court . . . overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which 'required courts to defer to permissible agency interpretations of the statutes those agencies administer—even when a reviewing court reads the statute differently.'" *Williams v. O'Malley*, No. 23-35358, 2024 WL 3519774, at *1 n.1 (9th Cir. July 24, 2024) (quoting *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2254 (2024)). In *Cross*, the Ninth Circuit held that the [Social Security] Act 'plainly encompasse[d] the Commissioner's authority to adopt regulations to govern the weighing of medical evidence,' without deferring to the agency's interpretation of the statute." *Id.* (quoting *Cross*, 89 F.4th at 1215). Consequently, the

persuasiveness of each medical opinion after considering specified factors." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citing *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) and 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(b))).

Specifically, the revised "regulations require an ALJ to discuss the supportability and consistency of medical evidence—the factors the agency has historically found to be the most important in evaluating medical opinions—while allowing for discussion of other factors listed in paragraphs (c)(3) through (c)(5), as appropriate." *Cross*, 89 F.4th at 1215 (citing 20 C.F.R. § 416.920c(a)); *see also Woods*, 32 F.4th at 791 ("'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" (quoting 20 C.F.R. § 404.1520c(a))). "Supportability focuses on whether 'a medical source supports a medical opinion by explaining the relevant objective medical evidence.'" *Stiffler*, 102 F.4th at 1106 (quoting *Woods*, 32 F.4th at 791-92); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) ("Supportability concerns how 'a medical source supports a medical opinion' with relevant evidence[.]" (quoting *Woods*, 32 F.4th at 791-92)). "Consistency means the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources[.]" *Stiffler*, 102 F.4th at 1106 (quoting *Woods*, 32 F.4th at 792).

In addition to supportability and consistency, "[a]n ALJ may discuss other factors [listed in paragraphs (c)(3) through (c)(5)], such as the medical source's 'relationship with the claimant' or 'specialization,' but generally has no obligation to do so." *Cross*, 89 F.4th at 1214 (citing 20 C.F.R. § 416.920c(b)(2)). If, however, an "ALJ finds two or more contradictory medical

Ninth Circuit has found that the Supreme Court's decision in "*Loper* does not undercut *Cross*." *Id.*

opinions 'both equally well-supported . . . and consistent with the record[,]' . . . the regulations mandate discussion of these other factors." *Id.* at 1214-15 (quoting 20 C.F.R. § 416.920c(b)(3), (c)(3)-(5)).

A district court reviews the ALJ's evaluation of a medical opinion for substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, [under the new regulations,] an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence."); *id.* at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); *Metcalf v. Kijakazi*, No. 22-35201, 2022 WL 17592194, at *1 (9th Cir. Dec. 13, 2022) (observing that "under the revised regulations . . . , the ALJ's evaluation of a medical opinion is reviewed for substantial evidence" (citing *Woods*, 32 F.4th at 789)).

## II.    ANALYSIS

Plaintiff argues that the ALJ erred by discounting the medical opinions of Drs. Nolan, Davenport, and Billinghurst relating to her chronic back pain. (Pl.'s Br. at 3-7.)

### A.    The Medical Opinions

In June 2021, Dr. Nolan performed a consultative examination of Plaintiff and offered an opinion based on his examination. (Tr. 452-54.) Dr. Nolan concluded that Plaintiff was limited to lifting twenty pounds occasionally and ten pounds frequently, and could sit for more than six hours out of an eight-hour day "with a liberal policy for position changes as needed for comfort," but would be more limited in standing and walking. (*Id.* at 454.)

Based on this examination, as well as other records in the file, state agency consultant Dr. Davenport similarly indicated in June 2021 that Plaintiff was limited to a range of light work, including lifting and carrying twenty pounds occasionally and ten pounds frequently, and sitting,

standing, or walking (each) "[a]bout [six] hours in an [eight] hour workday," with additional
postural and environmental restrictions. (*Id.* at 86-87.) In February 2022, state agency consultant
Dr. Billinghurst reached the same conclusion. (*Id.* at 99-102.)

### B.    The ALJ's Opinion

The ALJ found that the consultative examiner's opinion and state agency consultant
opinions were "unpersuasive." (*Id.* at 30-31.) The ALJ determined that consultative examiner Dr.
Nolan's opinion was "largely supported" by his own interview and examination of Plaintiff, but
"inconsistent with the record as a whole." (*Id.*) The ALJ pointed out that there were no treatment
notes addressing the impairments that were the focus of the consultative examination, and that
Plaintiff's recent work history and "other activities of daily living" demonstrated "substantially
greater functional abilities than the consultative examiner found." (*Id.* at 30.) With respect to the
state agency consultant opinions, the ALJ similarly found that the opinions were "mostly
supported by the cited evidence" but "inconsistent with the overall record for similar reasons to
the consultative examiner's opinion." (*Id.* at 30-31.) The ALJ again noted Plaintiff's lack of
treatment for any back pain and Plaintiff's testimony about her daily activities. (*Id.*)

### C.    Disposition

The Court finds that the ALJ did not err in evaluating the consultative examiner's opinion
and state agency consultant opinions with respect to Plaintiff's alleged chronic back pain.

First, the ALJ discounted the proffered back-related limitations in part because although
Plaintiff complained of chronic low back pain at her consultative examination, she received no
treatment for back pain during the relevant time period. (*Id.* at 30, "Notably, the treatment notes
do not address the [back] impairments that were the focus of the consultative exam, with no
work-up for or treatment of chronic back pain or other musculoskeletal complaints appearing in
the claimant's primary care records."; *id.* at 31, "[T]he later medical records do not document

PAGE 8 – OPINION AND ORDER

any symptoms, signs, or treatments related to the claimant's back pain[.]"; *id.* at 59-60, Plaintiff

testified that she was not taking any medications at the time of the hearing.) A lack of

contemporaneous treatment is a valid reason to discount a medical opinion on supportability

grounds. *See, e.g.*, *Steirer v. Kijakazi*, No. 22-16792, 2023 WL 6999450, at *1 (9th Cir. Oct. 24,

2023) ("The ALJ did not err. The ALJ evaluated the consistency and supportability of the

opinions by weighing each against objective clinical findings, . . . and her history of conservative

treatment." (citing 20 C.F.R. § 416.920c(a))); *see also Sy S. v. Comm'r Soc. Sec. Admin.*, No.

6:22-cv-01934-SB, 2024 WL 2292447, at *5 (D. Or. May 21, 2024) ("The ALJ did not err in

discounting [the medical] opinion regarding Plaintiff's limitations in light of Plaintiff's lack of

treatment, and the ALJ's conclusion is supported by substantial evidence." (citing *Bagdasaryan*

*v. Saul*, 787 F. App'x 423, 424 (9th Cir. 2019))).

      Plaintiff acknowledges that she sought no treatment for her back pain during the relevant

time period (*see* Pl.'s Reply at 1, ECF No. 12, "[I]t is true that Plaintiff sought no treatment for

back problems after the alleged onset date[.]"), and substantial evidence in the record supports

the undisputed lack of treatment. The Court finds that the ALJ did not err by discounting the

medical opinions on the ground that Plaintiff did not seek any treatment during the relevant time

period for her allegedly disabling back pain.

      Second, the ALJ discounted the medical opinions because Plaintiff's recent work history

and activities of daily living contradicted the alleged limitations. (Tr. 30, "The updated medical

evidence and the claimant's testimony regarding her recent work history and other activities of

daily living demonstrate substantially greater functional abilities than the consultative examiner

found.") Inconsistencies with daily activities is a valid reason to discount a medical opinion. *See*

*Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (affirming the ALJ's rejection of a medical opinion as inconsistent with the claimant's daily activities).

Here, the ALJ's conclusion that the proffered limitations relating to Plaintiff's alleged chronic back pain were inconsistent with her work history and activities of daily living was supported by substantial evidence in the record. As the ALJ noted, Plaintiff held several jobs during the relevant time period. (Tr. 23-24.) At the time of the October 2023 hearing, Plaintiff was working four, ten-hour days as a peer support specialist at a community healthcare center. (*Id.* at 58.) Her job duties included checking on the residents once an hour at night, cooking breakfast, and cleaning. (*Id.* at 62.) Plaintiff testified that she does not believe she is unable to work and is "really good at getting jobs," but is unable to "keep a job." (*Id.* at 58.) Plaintiff testified that she is unable to keep a job due primarily to interpersonal conflicts with other employees, not due to physical limitations. (*Id.* at 59, Q. "You mentioned that you have trouble keeping a job. Why do you have trouble keeping a job?" A. "Because I have problems trusting people and getting along with people, long term.") In addition, Plaintiff testified that she was able to perform her personal hygiene tasks independently, including getting dressed, showering, and bathing. (*Id.* at 63.) She also stated that she was able to drive, cook her own meals, and perform household chores. (*Id.* at 58, 63.)

The Court finds that the ALJ reasonably concluded that Plaintiff's full-time work and other daily activities demonstrated that Plaintiff's functioning was less limited than Dr. Nolan and the state agency medical consultants had opined, and the ALJ's conclusion was supported by substantial evidence. *See Connelly v. Colvin*, No. 23-35527, 2024 WL 5040994, at *1 (9th Cir. Dec. 9, 2024) ("Substantial evidence supports the ALJ's assessment of [the medical] opinion regarding [the plaintiff's] hernia-related limitations as unpersuasive because it was inconsistent

with evidence of his daily activities, including walking, riding a bicycle, and chopping

firewood." (first citing *Smartt*, 53 F.4th at 496; and then citing *Ghanim v. Colvin*, 763 F.3d 1154,

1162 (9th Cir. 2014))); *Stiffler*, 102 F.4th at 1107 ("[S]ubstantial evidence supports the ALJ's

conclusion that [the medical] opinion was not consistent with the other record evidence. The ALJ

reasonably concluded that [the plaintiff's] 'significant' daily activities, as described in her

treatment records, undermined [the medical] opinion that [the plaintiff] suffers from extreme

limitations rendering her unable to function in each of the assessed categories."). While Plaintiff

advocates for a reweighing of the evidence, "[w]here the evidence as a whole can support either

a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v.*

*Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400

F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where

the evidence is susceptible to more than one rational interpretation").

   Finally, the ALJ did not err in discounting the medical opinions as inconsistent with the

objective medical evidence. The ALJ noted that in contrast to the medical opinions, the objective

medical record demonstrates that Plaintiff complained on just one occasion, in June 2021, that

she was experiencing low back pain. (Tr. 31, 455.) She received an x-ray of her lumbar spine,

but it showed only mild degenerative changes without any acute findings (*Id.*) Aside from this

one x-ray, Plaintiff's medical records reflect that she visited her providers for complaints

unrelated to back pain, such as ear pain, asthma, and upper respiratory infections. (*See, e.g.*, *id.* at

31, 459, 469-77, 479, 481-83, 488, 490, 494, 500, 507, 520, 527, 533, 538, 544, 547.) The ALJ

accurately noted that Plaintiff did not report back or other musculoskeletal pain at any of these

appointments. (*See id.*) In fact, Plaintiff often denied experiencing any musculoskeletal pain and

her physical examinations were unremarkable. (*Id.* at 460, 484, 495, 501, 510-11, 524, 528, 537,

540, 549-50.) As the ALJ further explained, medical records reflect Plaintiff's normal gait, good range of motion of all joints without tenderness or discomfort, and full muscle strength of the upper and lower extremities, which undermine the presence of debilitating back pain. (*See id.*) Dr. Nolan's exam likewise reflected Plaintiff's normal gait, ability to go from sitting to standing without difficulty, and full muscle strength of the upper and lower extremities. (*Id.* at 31, 452-53.) The Court finds that substantial evidence supports the ALJ's discounting of the medical opinions as inconsistent with the objective medical record.

Plaintiff suggests that the ALJ should have given the consultative examiner's opinion and state agency consultant opinions more weight because they were broadly consistent with each other (Pl.'s Br. at 5), but the Court agrees with the Commissioner that the regulations do not require an ALJ to find consistent opinions to be persuasive if they are otherwise not supportable, as here. (*See* Def.'s Br. at 6, ECF No. 11.)

## CONCLUSION

For the reasons stated, the Court AFFIRMS the Commissioner's decision because it is free of harmful legal error and supported by substantial evidence.

**IT IS SO ORDERED.**

DATED this 30th day of May, 2025.

_Stacie F. Beckerman_
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge